# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES HARRISON COOK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-08-1279-HE |
| ) | |
| CITY OF SHAWNEE, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff James Cook filed suit against defendants Allen Nichols, Officer Crouch, Officer Conner, and the City of Shawnee in state court, alleging that his constitutional rights were violated by or during his arrest in December 2007. Plaintiff further alleged that defendants' acts constituted trespass, unlawful entry, assault, and battery. Defendants removed the action to this court and have filed a motion to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. For the reasons stated below, the court concludes defendants' motion should be granted base on Rule 12(b)(6).

When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations and any reasonable inferences that might be drawn from them are construed in the light most favorable to the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."

*Id.* at 1974. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "In § 1983 cases, . . . . it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (citing Twombly, 127 S. Ct. at 1970-71 n.10).

      The defendants contend that plaintiff has failed to state a constitutional claim against them because the complaint lacks sufficient details to provide notice of the specific claims against each defendant. The court agrees. Plaintiff has failed to "isolate the allegedly unconstitutional acts of each defendant, and thereby does not provide adequate notice as to the nature of the claims against each." Robbins, 519 F.3d at 1250. Plaintiff's conclusory allegations and sparse narrative as to the actual events fail to identify what any particular defendant is alleged to have done or to otherwise provide notice as to the specific nature of any constitutional violations. Further, because plaintiff is pursuing each of the individual defendants in their individual capacities, he must allege how each personally participated in the claimed violations to state a viable § 1983 cause of action. *See* Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). Similarly, plaintiff has failed to plead his state law claims with a level of factual detail sufficient to show a plausible basis for claim under the standards of

Rule 12(b)(6). Defendants' motions to dismiss must therefore be granted.[1]

Accordingly, defendants' motion to dismiss for failure to state a claim [Doc. #17] is **GRANTED**. Plaintiff is granted leave to file a further amended complaint addressing the deficiencies noted above. Any such amended complaint shall be filed not later than **March 31, 2009**.

**IT IS SO ORDERED.**

Dated this 17th day of March, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *In light of the court's disposition of this motion on Rule 12(b)(6) grounds, it is unnecessary to address, at this point, the potential applicability of* Heck v. Humphrey, *512 U.S. 477 (1994). Some of plaintiff's claims may well be barred by the rule set out in that case. Others, such as an excessive force claim, if one is stated, may not. See* Martinez v. City of Alburquerque, *184 F.3d 1123, 1125 (10th Cir. 1999).*